IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA BERNAL, et al.,

    Plaintiffs,

v.

CASH AMERICA INTERNATIONAL, INC., et al.,

    Defendants.

No. C 12-05792 JSW

**ORDER STAYING ACTION**

Now before the Court is Defendants' motion to compel arbitration. The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 1, 2013 is VACATED.

With respect to all of Plaintiffs' claims except their request for injunctive relief, the parties agree that Plaintiffs' claims should be arbitrated. Plaintiffs contend, citing the rule established by *Broughton v. Cigna Healthplans of California,* 21 Cal. 4th 1066 (1999) and *Cruz v. PacifiCare Health Sys., Inc.,* 30 Cal. 4th 303 (2003) that claims for public injunctive relief are not arbitrable (the "*Boughton-Cruz* rule"), that their claim for violation of California Business and Professions Code § 17200 cannot be arbitrated. In *Kilgore v. Key Bank*, 67. F.3d 947 (9th Cir. 2012), the Ninth Circuit held that the *Boughton-Cruz* rule is preempted by the Federal Arbitration Act. However, the Ninth Circuit is rehearing the decision in *Kilgore en banc*. Therefore, *Kilgore* may not be cited as precedent. As suggested by Defendants, the Court finds

that it would be prudent to wait for the *en banc* opinion in *Kilgore*. Accordingly, the Court HEREBY STAYS this action until the *en banc* panel in *Kilgore* issues an opinion. The parties shall update the Court by joint submission within ten days of the ruling by the *en banc* panel, or every 120 days, whichever is sooner.

**IT IS SO ORDERED.**

Dated: January 28, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2