IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA BERNAL, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>CASH AMERICA INTERNATIONAL, INC., et al.,<br><br>   Defendants.<br>_____/ | No. C 12-05792 JSW<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION** |

Now before the Court is Defendants' motion to compel arbitration. With respect to all of Plaintiffs' claim except their request for injunctive relief, the parties agree that Plaintiffs' claims should be arbitrated.

Plaintiffs contend, citing the rule established by *Broughton v. Cigna Healthplans of California*, 21 Cal. 4th 1066 (1999) and *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303 (2003) (the *Broughton-Cruz* rule), that claims for public injunctive relief are not arbitrable. In *Kilgore v. Key Bank*, 673 F.3d 947 (9th Cir. 2012) ("*Kilgore I*"), the Ninth Circuit held that the *Broughton-Cruz* rule is preempted by the Federal Arbitration Act ("FAA") as construed by the Supreme Court in *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011). However, the Ninth Circuit reheard the decision issued in *Kilgore en banc*. In that opinion, the Ninth Circuit determined that it did not need to decide the preemption issue because the requested relief did not actually constitute a claim for public injunctive relief. *Kilgore v. Keybank*, 718 F.3d 1052, 1060-61 (9th Cir. 2013) ("*Kilgore II*").

In *Kilgore II*, the Ninth Circuit held that "[a] claim for public injunctive relief … does not seek 'to resolve a private dispute but to remedy a public wrong.'" *Id*. at 1060 (quoting *Broughton*, 988 P.2d at 76). In the claims at issue in that case, the court found that the plaintiffs were seeking relief which would only benefit the 120 purported class members and that the "relief sought … relates only to past harms suffered by the members of the limited putative class." *Id*. at 1061 Moreover, the plaintiffs admitted that the alleged statutory violations had already ceased and thus there was "no real prospective benefit to the public at large from the relief sought." *Id*.

Defendants argue that Plaintiffs' claims similarly fall outside the scope of the *Broughton-Cruz* rule because Plaintiffs' requested relief would not provide a prospective public benefit. However, unlike in *Kilgore II*, Plaintiffs have not conceded that the alleged unlawful practices have ceased. Plaintiffs allege that the loan agreements used by Defendants continue to use the Cash America Net name, even after the name change in 2011. Moreover, Plaintiffs allege that Defendants have not posted a copy of a valid license at their place of business. Because Plaintiffs allege ongoing violations that would affect the public, the Court must address the preemption issue the *Broughton-Cruz* rule.

In *AT & T Mobility LLC v. Concepcion*, U.S. 131 S. Ct. 1740, 1746 (2011), the Supreme Court held that "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." Most courts that have examined this issue have concluded that the *Broughton-Cruz* rule prohibits outright the arbitration of a particular type of claim – claims for public injunctive relief – and, thus, is clearly preempted by the FAA. *See Meyer v. T–Mobile USA Inc.*, 836 F. Supp.2d 994, 1005-06 (N.D. Cal. 2011); *Hendricks v. AT & T Mobility, LLC*, 823 F. Supp. 2d 1015, 1024 (N.D. Cal. 2011); *Kaltwasser v. AT & T Mobility LLC,* 812 F. Supp. 2d 1042, 1050-51 (N.D. Cal. 2011); *Rosendahl v. Bridgepoint Educ., Inc.*, 2012 WL 667049, *12 (S.D. Cal. 2012); *Nelson v. AT & T Mobility LLC*, 2011 WL 3651153, *2 (N.D. Cal. Aug. 18, 2011); *In re Apple and AT & T iPad Unlimited Data Plan Litig.*, 2011 WL 2886407, *4 (N.D. Cal. July 19, 2011); *Arellano v. T-Mobile USA, Inc.*, 2011 WL 1842712, *1 (N.D. Cal. May 16, 2011). While there are strong

policy arguments in favor of the *Broughton-Cruz* rule, as other courts have noted, state policy arguments were rejected by *Concepcion*, "perhaps regrettably." *See Arellano*, 2011 WL 1842712, at *2 (holding that "*Concepcion* … compels preemption" of the *Broughton-Cruz* rule, despite "public policy arguments thought to be persuasive in California."); *see also Nelson*, 2011 WL 3651153, at *2 (same).

Although a couple of courts have concluded that the *Broughton–Cruz* rule is still viable after *Concepcion*, the Court finds that the reasoning of these cases is not persuasive. *See Ferguson v. Corinthian Colleges,* 823 F. Supp. 2d 1025, 1035 (C.D. Cal. 2011); *In re DirecTV Early Cancellation Fee Marketing and Sales Practices Litig.,* 810 F. Supp. 2d 1060, 1073 (C.D. Cal. 2011). The Court agrees with the majority that, however strong the state public policy reasons are in favor of having judicial review of public injunctive claims, *Concepcion* compels preemption of the *Broughton-Cruz* rule.

Accordingly, the Court grants the motion to compel arbitration and to stay proceedings pending arbitration. The Clerk is directed to close the file for administrative purposes. The case may be reopened for such additional proceedings as may be appropriate and necessary upon conclusion of arbitration. If the matter is resolved by settlement, the parties shall promptly file a dismissal of this action.

**IT IS SO ORDERED.**

Dated: September 23, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3